UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KENNETH B. KIMBALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00418-JMS-MJD |
| | ) | |
| CHARLES A. DANIELS *Warden,* | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas
Corpus and Directing Entry of Final Judgment**

**I.  Statutory Structure**

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States,* 417 U.S. 333, 343 (1974). The "essential function" of § 2255 "is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport,* 147 F.3d 605, 609 (7th Cir. 1998). "Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal." *Suggs v. United States*, 705 F.3d 279, 281-82 (7th Cir. 2013) (citing 28 U.S.C. § 2255(a), (h)). Thus, "[i]f a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to certify the motion and authorize the district court to hear it." *Suggs*, 705 F.3d at 282 (citing 28 U.S.C. §§ 2244(a)–(b), 2255(h)).

Section 2255 is not wholly exclusive, however. "A federal prisoner may use a [28 U.S.C.] § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. "The third condition is that [the] sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding."

*Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013) (quoting *Brown v. Rios*, 696 F.3d at 640) (internal citations omitted). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low,* 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." *Id.* "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

## II. Background

The present action is brought by Kenneth Kimball, who is confined within this District. Kimball seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). The facts associated with Kimball's convictions were summarized in the decision in his direct appeal. It suffices for the present to note that Kimball was the head of a drug trafficking operation in which drugs were imported into Nashville, Tennessee from Texas and New Mexico. *United States v. Kenneth Kimball, et al*., 194 Fed. Appx. 373, 2006 WL 2571951 (6th Cir. Sept. 8, 2006)). As a result of

this conduct, Kimball was found guilty of drug and weapons offenses, money laundering, obstruction of justice and witness tampering. Kimball is currently serving the first of two consecutive life sentences, which are to be followed by a term of 15 years.

Following his direct appeal, Kimball filed a motion for relief pursuant to 28 U.S.C. § 2255. This motion was denied in *Kimball v. United States*, 2012 WL 5865245 (M.D.Tenn. Nov. 19, 2012). In a thorough decision, the trial court rejected Kimball's contentions that he received ineffective assistance of counsel at trial and on appeal and that the United States engaged in prosecutorial misconduct.

### III. Discussion

Kimball invokes 28 U.S.C. § 2241, arguing that the United States extensively dissipated his funds pretrial to trial, that in doing so it violated terms of an agreed preliminary injunction, and that jeopardy attached prior to the commencement of his criminal trial and that this caused the criminal trial to be conducted in violation of the constitutional prohibition against double jeopardy.

The Double Jeopardy Clause consists of "three separate constitutional protections: it prohibits a second prosecution for the same offense after an acquittal, it prohibits a second prosecution for the same offense after a conviction, and it prohibits multiple criminal punishments for the same offense." *Dye v. Frank,* 355 F.3d 1102, 1103 (7th Cir. 2004) (citing U.S. Const. Amend. V). It has been recognized that that jeopardy attaches to a punitive tax "when the defendant voluntarily pays the amount due in full . . . [or] when the government takes title to a defendant's assets." *See Doyle v. Johnson,* 235 F.3d 956, 959 (5th Cir. 2000). Kimball argues that jeopardy attached in his case when the Government seized and disposed of his accounts and other assets. He explains that this argument was not presented in previous proceedings because (1) his lawyer

who argued the direct appeal pulled his punches in not presenting the argument, and (2) he relied

on the lawyer who represented him in the § 2255 motion to present the argument, but she did not

do so. This rationale must be measured against the elements established to show that § 2255 is

inadequate or ineffective to test the legality of his detention and must be done without regard to

whether the claim itself has merit.

- The first factor of the pertinent test is that the petitioner must rely on a "statutory-interpretation case," rather than a "constitutional case." Kimball does not make such a showing.

- The second factor of the pertinent test is that the petitioner must rely on a retroactive decision that he could not have invoked in his first § 2255 motion. Kimball does not identify such a decision, but instead suggests that this attorneys were ineffective in not presenting the claim in his direct appeal or in the first § 2255 motion.

- The third factor of the pertinent test is requires a showing of actual innocence, typically through decriminalization of the crime of conviction. Kimball does not claim to meet this third factor, and in fact wisely eschews any claim of actual innocence, for a claim of double jeopardy violation does not raise a question of his actual innocence. *See Waite v. United States,* 74 F.3d 1242, 1996 WL 4349, *1 (7th Cir. 1996) ("Waite does not claim factual innocence; he instead claims merely that the Double Jeopardy Clause prohibits a second punishment for the same offense.") (unpublished disposition).

Kimball has thus failed to meet any of the three requirements to invoke the Savings Clause of 28

U.S.C. § 2255(e), much less each of them. Kimball has not even demonstrated that his double

jeopardy claim could not have been presented previously—"a criminal defendant is bound by his

attorney's tactical decisions unless the attorney provided constitutionally ineffective assistance."

*Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 86 (2009)(citing *Vermont*

*v. Brillon,* 129 S. Ct. 1283, 1290–1291 (2009)). What he has attempted to establish to make his

claim reviewable in this proceeding is cause for and prejudice from simple procedural default. *See*

*Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted

a claim by failing to raise it on direct review, the claim may be raised in habeas only if the

defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'")(internal citations omitted); *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008) ("A claim that has been procedurally defaulted ordinarily may only be raised in a § 2255 proceeding if the defendant demonstrates that he is 'actually innocent,' or that there is 'cause' and actual prejudice."). This is not the standard for determining when the Savings Clause of 28 U.S.C. § 2255(e) may be properly invoked. The test remains whether § 2255 is an inadequate or ineffective remedy, meaning "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015)(*en banc*) (quoting *Davenport*, 147 F.3d at 609). In order to properly invoke the Savings Clause "there must be some kind of structural problem with section 28 U.S.C. § 2255. . . ." *Id.; see also Garris v. Lindsay,* 794 F.2d 722, 727 (D.C.Cir. 1986)(it is the inefficacy of the remedy, not the personal inability to use it, which is determinative). No structural problem with 28 U.S.C. § 2255 has been identified by Kimball. Instead, he has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy.

## IV. Conclusion

"Federal prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255, 'the federal prisoner's substitute for habeas corpus.'" *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013) (*quoting Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is when a § 2255 remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The dispositive question here is whether Kimball's double jeopardy claim permits him to traverse the portal created by § 2255(e). It does not. His petition for writ of habeas corpus is therefore **denied** without the merits of his habeas claim being reached.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:   June 20, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

KENNETH B. KIMBALL
17957-075
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808